## YOUNG *vs.* FOSTER & a.

Long continued cohabitation and general reputation are sufficient evidence of the marriage to make a *primâ facie* case on behalf of a claimant of dower.

DOWER, wherein the plaintiff, as the widow of Caleb Young, deceased, demanded her dower in lot No. 14, on the west side of the Ammonoosuck, river in Lisbon.

The case was submitted to the court upon a statement of facts. The defendant Foster resides upon the place which is owned by him and Dyer Hibbard, the other defendant, jointly. Hibbard does not live on the farm, and did not at the time of the commencement of the suit.

The plaintiff's right to recover was admitted, provided it is competent to prove her marriage with Caleb Young, by evidence of long continued cohabitation and general reputation of the marriage ; and provided, that the defendants were properly and legally joined.

*Goodall & Morrison,* for the plaintiff. The questions that arise upon the case made are, 1. Are the defendants properly joined in the action ?

2. Is evidence of long continued cohabitation and general reputation of marriage *competent* to prove the marriage of the demandant ?

It would be a sufficient answer to the first question to say, that if the defendants *are not* rightly joined, the exception should have been taken by plea in abatement, and cannot prevail upon a case made. 1 *Greenl. Rep.* 30, *Fosdick* vs. *Gooding ; 5 N. H. Rep.* 222, *Morse* vs. *Calley.*

But the statute provides that the writ may be sued out against the " person or persons" who have or " claim to have" the " freehold." The case finds that the defendants are joint owners, and it is to be taken that they are the persons claiming the freehold. They are, therefore, the very persons who should and must be joined.

The second question we think is equally clear, both upon principle and authority.

Starkie says, " It seems to be a general rule in all civil personal actions, except for criminal conversation, that general reputation and cohabitation are sufficient evidence of marriage." 2 *Stark. Ev.* 939. He does not state that the rule applies to any but personal actions ; but the cases referred to by him contain no such restriction, and other authorities show that none exists. *Peake's Ev.* 330 ; 2 *Phil. Ev.* 285 ; *Bull. N. P.* 27 ; *Morris* vs. *Miller,* 4 *Burr.* 2057 ; *Birt* vs. *Barlow,* 1 *Doug.* 171 ; *Fleming* vs. *Fleming,* 4 *Bing.* 266 ; *Leader* vs. *Barry,* 1 *Esp.* 353 ; *Newburyport* vs. *Boothbay,* 9 *Mass.* 414 ; *Purcell* vs. *Purcell,*

4 *Hen. & Mun.* 507; *Fenton* vs. *Reed,* 4 *Johns. R.* 52; *Jackson* vs. *Claw,* 18 *Johns.* 346.

If the question were *res integra,* it should be decided in the same manner. No reason can be given why courts should make any distinction in this respect between real and personal actions. In but very few cases in which the marriage took place many years since, was a record made and kept of the marriage. The witnesses in many instances are dead, and in other cases in parts unknown. So that if direct proof of the marriage should now be required in actions of dower, it would deprive many worthy claimants of all remedy for what they are legally and equitably entitled to recover.

*Hibbard,* for the defendants. In certain cases it is settled that evidence of long cohabitation and general reputation is competent to prove the fact of marriage; as in questions of pedigree, suits against husband for goods bought by wife during coverture, and some other civil suits.

There are other cases, both civil and criminal, where this kind of evidence is not admissible to prove the fact of marriage.

1. In an action for crim. con. the proof of marriage must be made by record of some authentic character, or by the testimony of witnesses present. " Mere proof of cohabitation and general reputation will not be sufficient evidence of marriage." 1 *Saunders on Pl. & Ev.* 396.

2. So on an indictment for adultery. *Commonwealth* vs. *Norcross,* 9 *Mass.* 492.

3. So on an indictment for lascivious cohabitation. *Commonwealth* vs. *Littlejohn,* 15 *Mass.* 163.

4. In a libel for a divorce for the cause of adultery, the libellant offered to prove a second marriage of the respondent, and the court refused to admit the certificate of the minister who solemnized the second marriage, as sufficient evidence of the fact, but required the testimony of witnesses under oath. *Ellis* vs. *Ellis,* 11 *Mass.* 92.

5. So in certain real suits in a few particular instances, viz. : Where issue is joined on the record on the legality of marriage, *or its immediate consequences*, general bastardy, or on the fact of deprivation or profession. In those cases, upon the issue so formed, the mode of trying the question is by reference to the ordinary, and his certificate, when returned and entered upon the record in the temporal courts, is a perpetual and conclusive evidence against all the world on that point. 1 *Phil. Ev.* 341.

The action of dower is not mentioned in any of these authorities as one in which evidence of this kind may or may not be admitted. It is difficult to conceive what real action would more legitimately and necessarily come within the reason of this rule, than an action for dower.

This is a question as to one of the " immediate consequences" mentioned by Phillips.

This right of dower is one which the widow claims to have solely by virtue of her alleged marriage. The marriage is the substantial matter of her case ; it is one of the matters which are necessary to be distinctly alleged in her declaration, and which, as we think, should be proved by direct evidence.

That there has been a distinction made against the admission of this kind of evidence in certain *real actions*, see the following authorities : *Crouch & Ux.* vs. *Eveleth,* 15 *Mass.* 305 ; *Big. Dig.* 321, referring to various cases ; 1 *Greenl. Ev.* § 27, 207.

PARKER, C. J. A marriage may be proved by the evidence of cohabitation, where the woman is supplied with goods during the cohabitation on the credit of the husband. *Greenleaf's Evid.* 27, 207. In such cases the evidence is conclusive. The woman has acquired a credit by being held out to the world as a wife, and he who has thus enabled her to obtain credit in his name cannot be permitted

to deny his liability for the goods purchased, as that would operate as a fraud upon the vendor.

Other authorities carry the principle still farther, and hold that cohabitation and reputation are sufficient evidence of marriage in all cases except in prosecutions for bigamy and adultery, and actions for damages for crim. con. See 3 *Cowen & Hill's Phil. Ev.* 1147.

In cases where no credit has been given by reason of a holding out, the evidence is not conclusive, but may be rebutted.

There are some authorities, however, which hold, (and it is contended in this case,) that such evidence is not admissible except where a credit has been given; and we have considered the question as one of principle, disconnected from the direct authorities upon it.

If cohabitation and reputation are such evidence of a marriage that tradesmen may act upon that evidence, and deliver articles to the reputed wife, it has of itself some force and effect to prove that a marriage actually exists. If it were not so, no person could be authorized to act upon such a state of facts.

If it be conclusive evidence against the husband in certain cases, it may well be evidence for him, *prima facie* at least. It has of itself the same significance in his hands as in those of another. The fact that a party relying upon it has parted with his goods, has no tendency of itself to prove the marriage. It only shows that the husband should not be permitted to contradict the evidence which has been offered to prove it.

Again: If it be evidence against the husband, because it has some tendency to show that a marriage in fact existed, it is evidence against those claiming under him. And there seems to be no good reason why it should not be evidence when adduced by the wife or any other person. It is evidence, because of its tendency to prove the fact itself, being the usual result of that fact.

Young *v.* Foster.

Possession is evidence of title, whether of real or personal property, because, as a general rule, it accompanies the title, although there are many exceptions to this.

So, acting in an office without opposition is *prima facie* evidence of a right so to act, &c.

Were not the authorities so strong it might well be questioned whether this evidence of cohabitation and reputation ought not to be admitted in cases of crim. con., and in prosecutions for adultery and bigamy, for the simple reason that it has a legitimate tendency to prove the fact. If larceny, and robbery, and murder, may be proved by circumstantial evidence, the enquiry naturally arises why cases of crim. con. &c. may not be so also. It is very clear that they may except in the matter of proof of the marriage. And it is not easy to perceive why an exception should be made in favor of defendants in such cases. If they have nothing better to rely upon for a defence than the non-existence of a marriage, they certainly could not complain of being put to show it, after *prima facie* evidence had been adduced on the other side.

*Judgment for the plaintiff.*